IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHN PUCHNER,

                Plaintiff,

  v.

LISA NEUBAUER, MARK GUNDRUM,
THE WISCONSIN JUDICIAL COMMISSION,
THE OFFICE OF LAWYER REGULATION,
THE WISCONSIN BAR, MIKE MAXWELL,
KIM THEOBALD, and PAMELA PEPPER,

                Defendants.

OPINION and ORDER

23-cv-183-jdp

---

      Plaintiff John Puchner, appearing pro se, is serving a sentence in the Waukesha County Jail for contempt of court arising out of a family court action in that county. Puchner has filed a series of petitions for writ of habeas corpus in the United States Court for the Eastern District of Wisconsin that have been dismissed without prejudice for Puchner's failure to exhaust his administrative remedies in the Wisconsin Court system. *See Puchner v. Severson*, No. 22-CV-1229-PP, 2022 WL 17991627, at *1 (E.D. Wis. Dec. 29, 2022). Puchner has now filed an action in this court styled as a civil-rights lawsuit under 42 U.S.C. § 1983 against the federal judge denying one of his habeas petitions, state judges in the circuit court and court of appeals, the guardian ad litem in his family case, and entities such as the Wisconsin State Bar and Office of Lawyer Regulation.

      The court has not yet resolved Puchner's financial status. But Puchner has followed with two filings he calls emergency motions to stay his jail sentence, along with an attempt at adding the members of the Wisconsin Supreme Court as defendants. Dkts. 3 and 4. Regardless

of Puchner's status, I will review his filings now because he asks for emergency relief, and I will dismiss his claims for relief as either frivolous or improperly brought in a civil lawsuit.

Puchner's allegations are unfocused and meandering. But I take him to be asserting two types of claims: (1) defendants violated his rights by their misconduct in his various legal proceedings or by failing to intervene in that misconduct; and (2) the guardian ad litem and some of the judges and justices are conspiring to have him sexually assaulted in jail.

Regarding misconduct directly in court proceedings, judges have absolute immunity from suits arising from their official decisions or actions. *Dawson v. Newman*, 419 F.3d 656, 660 (7th Cir. 2005). And guardians ad litem, such as defendant Theobald, are not state actors and thus cannot be sued under 42 U.S.C. § 1983. *Bach v. Milwaukee Cnty. Cir. Ct.*, 565 F. App'x 531, 532 (7th Cir. 2014). Puchner also seeks a ruling ordering the state family court to hear his pending motions and lift sanctions against him, but this court cannot intervene in ongoing state-court litigation.

As for Puchner's claims about misconduct outside his court proceedings, his allegations of conspiracy between the guardian ad litem and multiple judges to have him sexually assaulted are conclusory and fanciful, which precludes him from stating a valid claim. *See Bowman v. City of Franklin*, 980 F.2d 1104, 1107 (7th Cir. 1992) ("A complaint must contain more than mere conclusory allegations of such a conspiracy; a factual basis for such allegations must be provided."); *see also Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (complaint lacks arguable basis in fact when plaintiff's allegations "rise to the level of the irrational or the wholly incredible").

One of the main thrusts of Puchner's filings is that he wants this court to release him from jail. But that isn't a form of relief that he can receive in a § 1983 action. Nor can this

court convert Puchner's action into one for habeas corpus. The Court of Appeals for the Seventh Circuit has held that "[w]hen a plaintiff files a § 1983 action that cannot be resolved without inquiring into the validity of confinement, the court should dismiss the suit without prejudice" rather than convert it into a petition for habeas corpus. *Copus v. City of Edgerton*, 96 F.3d 1038, 1039 (7th Cir. 1996). I note that if Puchner were to respond by filing a habeas petition in this court, I would order it transferred to the Eastern District of Wisconsin. *See Bridges v. Chambers*, 425 F.3d 1048, 1050 (7th Cir. 2005) (prisoners bringing petitions under § 2254 "are required to file either in the district in which they are confined or in the district in which the court that sentenced them is located." (citing 28 U.S.C. § 2241(d))).

ORDER

IT IS ORDERED that:

1. This case is DISMISSED for plaintiff's failure to state a claim upon which relief may be granted.

2. Plaintiff's motions for emergency relief, Dkts. 3 and 4, are DENIED.

3. A strike shall be recorded in accordance with 28 U.S.C. § 1915(g).

4. The clerk of court is directed to enter judgment in favor of defendants and close this case.

Entered April 4, 2023.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge