IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHN PUCHNER,

                Plaintiff,

v.

LISA NEUBAUER, MARK GUNDRUM,
THE WISCONSIN JUDICIAL COMMISSION,
THE OFFICE OF LAWYER REGULATION,
THE WISCONSIN BAR, MIKE MAXWELL,
KIM THEOBALD, and PAMELA PEPPER,

                Defendants.

ORDER

23-cv-183-jdp

---

    Plaintiff John Puchner, appearing pro se, is serving a sentence in the Waukesha County Jail for contempt of court arising out of a family court action in that county. Puchner brought this lawsuit against the federal judge denying one of his habeas petitions, state judges in the circuit court and court of appeals, the guardian ad litem in his family case, and entities such as the Wisconsin State Bar and Office of Lawyer Regulation. Puchner alleged that defendants violated his rights by their misconduct in his various legal proceedings or by failing to intervene in that misconduct, and that the guardian ad litem and some of the judges and justices are conspiring to have him sexually assaulted in jail. I dismissed the case for Puchner's failure to state a claim that could be heard in this court: in particular, he sued judges and other officials who are immune for their actions in court proceedings, and his allegations about a conspiracy to sexually assault him were conclusory and fanciful. Dkt. 6.

    After I dismissed the case, Puchner filed a writ of mandamus with the court of appeals, which transferred it to this court to be docketed as a notice of appeal. Dkts. 16 and 17. Puchner later filed another notice of appeal. Dkt. 20. He has also filed a motion for leave to proceed in

forma pauperis on appeal. Dkt. 23. Under 28 U.S.C. § 1915(a)(3), a party is ineligible for in forma pauperis status on appeal if the appeal is "not taken in good faith." *See also* Fed. R. App. P. 24(a)(3). An appeal is taken in good faith if "a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000). Puchner's appeals are not in good faith. Puchner asks this court to intervene in his state-court cases, which it cannot do. And no reasonable person could suppose that I was otherwise incorrect in dismissing this case.

That means that Puchner cannot proceed with his appeals without prepaying the $505 filing fees for them unless the court of appeals gives him permission to do so.[1] Under Federal Rule of Appellate Procedure 24, Puchner has 30 days from the date of this order to ask the court of appeals to review this order. Puchner must include with his motion a copy of his affidavit of indigency and a copy of this order.

Puchner has also filed a document asking for an extension of time to file his docketing statement and to file only one copy of various appellate materials. Dkt. 25. This court cannot take action on those requests; I will deny those motions without prejudice and Puchner should refile his requests directly with the court of appeals.

---

[1] This court cannot consolidate Puchner's appeals or waive the filing fee for either of them. He may make such a request to the court of appeals.

ORDER

IT IS ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis on appeal, Dkt. 23, is DENIED.

2. The clerk of court is directed to ensure that plaintiff's obligation to pay the $505 fee for each of these appeals is reflected in the court's financial records.

3. Plaintiff's motions for extension of time and for amendment of the filing rules, Dkt. 25 are DENIED without prejudice.

Entered May 18, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge